678 A.2d 819

**Alice HAHALYAK, Appellant,**

**v.**

**INTEGRA FINANCIAL CORPORATION as Successor by Merger to Equibank, Appellee.**

Superior Court of Pennsylvania.

Argued April 9, 1996.

Filed July 10, 1996.

Reargument Denied Aug. 6, 1996.

Michael Hahalyak, Pittsburgh, for appellant.

John R. O'Keefe, Jr., Pittsburgh, for appellee.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

DEL SOLE, Judge.

Appellant Alice Hahalyak filed this equity action against Integra Financial Corporation, seeking damages, accounting and injunctive relief. At the same time, Appellant filed a lis pendens. Appellee filed a petition to strike the lis pendens. At the argument on the petition to strike, counsel requested that the motions judge recuse herself. She refused and counsel filed this appeal. Because this appeal is not from a final order, we quash it.

This court ordinarily has jurisdiction only over appeals taken from final orders. 42 Pa.C.S. § 742. A final order is an order which effectively ends the litigation or disposes of the entire case. *DiDio v. Philadelphia Asbestos Corp.*, 434 Pa.Super. 191, 642 A.2d 1088 (1994). As defined in the Rules of Appellate Procedure, a final order disposes of all claims or of all parties. Pa.R.A.P. 341. A final order may also be defined as such by statute or may be made final if an order disposes of fewer than all claims or parties if the trial court makes an express determination of finality. Pa.R.A.P. 341(b), (c). Rules 311 and 313 define those interlocutory

orders which are appealable as of right. Such interlocutory orders are orders in criminal cases where the Commonwealth asserts that the order will substantially handicap the prosecution, orders overruling preliminary objections in eminent domain cases, orders remanding a matter to an administrative agency, and collateral orders where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 311, 313. The order involved in this appeal does not fit into any of the categories listed above and is therefore neither a final order nor an interlocutory or collateral order that is immediately appealable. See, e.g., *Reilly v. SEPTA*, 507 Pa. 204, 489 A.2d 1291 (1985) (recusal issue considered on appeal from final judgment in personal injury case). We must therefore quash this appeal.

Appeal quashed.