## McGee v. Rabzak

C.P. of Berks County, nos. 5749-95 A.D., 98-1030.

*Alan B. Ziegler,* for appellee.
*Stanley A. Rabzak,* appellant, pro se.

STALLONE, *J.,* May 31, 2000—This is a breach of contract action arising out of the sale of a single-family residence by the appellant, Stanley A. Rabzak, to the appellee, Lisa McGee. On February 12, 1997, Paul T. Essig, Esquire, attorney for the appellant, filed a petition to withdraw as counsel for appellant, claiming that appellant was not cooperating with him in preparing responses to discovery requests by the appellee. This court granted Attorney Essig's petition after a hearing held on

April 10, 1997. Thereafter, the parties submitted this matter to arbitration, at which time appellant chose to represent himself. The board of arbitrators entered an award in favor of the appellee in the amount of $27,531.[1]

No further action took place until September 30, 1999, when appellant filed a proposed order for transcription of the notes of testimony of the hearing held on Attorney Essig's petition to withdraw as counsel. This court denied that request by order entered on October 4, 1999.[2] This timely appeal followed.

Under Pennsylvania law, an appeal will not be permitted unless it is from either a "final order," an interlocutory order which is appealable as a matter of right, an interlocutory order from which an appeal is permitted by the appellate court or a "collateral" order from which an appeal can be taken as a matter of right. See *Foflygen v. Zemel,* 420 Pa. Super. 18, 615 A.2d 1345 (1992).

Pa.R.A.P. 341(b) defines a "final order" as one which either disposes of all claims and all parties or that is expressly defined by statute as such or is entered as a final order pursuant to Pa.R.A.P. 341(c).[3] It is clear, therefore,

---

1. Appellant did not appeal that award to this court of common pleas. Accordingly, on March 20, 1998, the appellee entered judgment on the award against the appellant in the office of the prothonotary of Berks County.

2. Appellant also filed a second proposed order for transcription on October 5, 1999, which this court denied by order entered on October 8, 1999. That order, however, is not the subject of this appeal.

3. Pa.R.A.P. 341(c) provides that:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all

that the order from which this appeal has been taken is not a "final order" inasmuch as it does not dispose of all of the claims and all of the parties or that it is not defined by statute as a final order and it was not entered as a final order from which this court has determined that an immediate appeal would facilitate resolution of the entire case. *Dorohovich v. West American Insurance Co.,* 403 Pa. Super. 412, 589 A.2d 252 (1991).

Instead, our order is clearly an interlocutory order. We must, therefore, determine whether it is immediately appealable as a matter of right, Pa.R.A.P. 311 sets forth the type of interlocutory orders which are appealable as a matter of right as follows:

"(1) Affecting judgments. An order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

"(2) Attachments etc. An order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property, except for orders pursuant to sections 3323(f) and 3505(a) of the Divorce Code, 23 Pa.C.S. §§3323(f) and 3505(a).

"(3) Change of criminal venue or venire. An order changing venue or venire in a criminal proceeding.

---

of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order."

"(4) Injunctions. An order granting, continuing modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except for injunctions pursuant to sections 3323(f) and 3505(a) of the Divorce Code, 23 Pa.C.S. §§3323(f) and 3505(a). A decree nisi granting or denying an injunction is not appealable as of right under this rule, unless the decree nisi (i) grants an injunction effective upon the entry of a decree nisi or (ii) dissolves a previously granted preliminary injunction effective upon the entry of a decree nisi.

"(5) Peremptory judgment in mandamus. An order granting peremptory judgment in mandamus.

"(6) New trials. An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the lower court committed an error of law.

"(7) Partition. An order directing partition.

"(8) Other cases. An order which is made appealable by statute or general rule."

Our order does not fall within any of these categories. See *Bruno v. Elitzky,* 515 Pa. 47, 526 A.2d 781 (1987). Therefore, it is not an interlocutory order which is immediately appealable as a matter of right.

It is likewise not an appeal from an interlocutory order which has been taken by permission. Although appellant filed a notice of appeal to the Superior Court from our order, he did not first request this court to amend its order to include the following certification language which is required by section 702(b) of the Judicial Code:[4]

---

4. Title 42, 42 Pa.C.S. §702(b) (Supp. 2000).

"(b) Interlocutory appeals by permission.—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order."

Compliance with that portion of section 702(b) is a prerequisite to a determination by the appellate court as to whether it will permit such an appeal to be filed and appellant has failed to follow this procedure. *Techtmann v. Howie,* 720 A.2d 143, 146 (Pa. Super. 1998). As a result, this appeal has not been properly taken by permission.

Finally, we must determine whether our action, being complained of, is a "collateral order" from which an appeal can be taken as a matter of right pursuant to Pa.R.A.P. 313. Such an order has been defined as being one in which (1) the issue is separable from and, therefore, "collateral" to the main cause of action, (2) the right involved is too important to be denied review and (3) the question presented is such that, if review is postponed until final judgment is entered in the case, the claimed right will be irreparably lost. *Kronz v. Kronz,* 393 Pa. Super. 227, 574 A.2d 91 (1990).

In the action before us, the appellant has failed to demonstrate that, although the right is separable to the main cause of action, the right involved is of the type that is

too important to be denied immediate review, inasmuch as this action has been concluded. For the same reason, he has likewise failed to demonstrate that his claimed right will be lost without immediate review. See *Hahalyak v. Integra Financial Corporation,* 451 Pa. Super. 171, 678 A.2d 819 (1996). Therefore, we conclude that our determination not to allow a transcription of the testimony of the hearing held on Attorney Essig's petition to withdraw as counsel is not appealable as a "collateral order."

And so, for these reasons, we respectfully urge the Superior Court of Pennsylvania to quash this appeal as not being properly within its appellate jurisdiction.