J-S03031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JACK EDWARD ALLEN | : | |
| | : | |
| Appellant | : | No. 965 WDA 2016 |

Appeal from the Order Entered June 22, 2016
in the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000738-1995

BEFORE: OLSON, SOLANO, and STRASSBURGER[*], JJ

JUDGMENT ORDER BY STRASSBURGER, J.: **FILED FEBRUARY 22, 2017**

Jack Edward Allen (Appellant) appeals from the order entered June 22, 2016, wherein the PCRA[1] court denied his motion to recuse. Upon review, we quash this appeal.

On July 19, 1995, Appellant shot his wife in the back of the head in the presence of their children and several witnesses. She later died from this injury. Appellant was convicted of, *inter alia*, first-degree murder, and he was sentenced to life imprisonment.[2] This Court affirmed Appellant's judgment of sentence on June 3, 2008, and our Supreme Court denied

_____

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[2] Appellant was first convicted on April 24, 1996. On December 12, 2000, Appellant obtained PCRA relief through this Court. A second trial commenced on December 18, 2006, and Appellant was again convicted.

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's petition for allowance of appeal on October 14, 2008. ***Commonwealth v. Allen***, 959 A.2d 456 (Pa. Super. 2008), *appeal denied*, 959 A.2d 927 (Pa. 2008).

On May 11 and June 13, 2016, Appellant filed PCRA petitions. The case was assigned to Judge Frederic Ammerman, who had presided over Appellant's second jury trial.[3] On June 20, 2016, Appellant filed a motion to recuse Judge Ammerman. The PCRA court denied that motion on June 22, 2016. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In considering whether an appeal from an order denying a motion to recuse is appealable, this Court has held the following.

> This Court ordinarily has jurisdiction only over appeals taken from final orders. As defined in the Pennsylvania Rules of Appellate Procedure, a final order disposes of all claims and of all parties. A final order may also be defined as final by a statute or may be made final if an order disposes of fewer than all claims or parties if the trial court makes an express determination of finality.
>
> This Court has held that, pursuant to the above-mentioned rules, a pre-trial motion seeking to recuse a judge from further proceedings is not a final order. ***See Hahalyak v. Integra Financial Corp.***, [] 678 A.2d 819 ([Pa. Super.] 1996); ***Kenis v. Perini Corp.***, [] 682 A.2d 845 ([Pa. Super.] 1996). Moreover, this Court has indicated that an appeal from a denial of a pre-trial motion to recuse does not fit into any of the categories

---

[3] "Generally, it is deemed preferable for the same judge who presided at trial to preside over the post-conviction proceedings since familiarity with the case will likely assist the proper administration of justice." ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 90 (Pa. 1998). ***See also*** Pa.R.Crim.P. 903(A).

listed in Rules 311 and 313, and, therefore, it is not an interlocutory or collateral order that is immediately appealable. **See Hahalyak**, *supra*; **Kenis**, *supra*.

**Krieg v. Krieg**, 743 A.2d 509, 511 (Pa. Super. 1999) (some citations omitted).[4]

Based on the foregoing, we quash this appeal.[5]

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017

---

[4] We recognize that there are some circumstances where this Court has found an order granting or denying a motion to recuse immediately appealable. **Commonwealth v. King**, 839 A.2d 237 (Pa. 2003) (considering an appeal where the PCRA court granted King's request for recusal to expedite the PCRA process in this capital case, and our Supreme Court granted the Commonwealth's petition for permission to appeal that order); **Commonwealth v. Stevenson**, 829 A.2d 701 (Pa. Super. 2003) (considering an appeal where the Commonwealth certified the order granting Stevenson's motion for recusal handicapped its case pursuant to Pa.R.A.P. 311(d)); **Commonwealth v. White**, 910 A.2d 648 (Pa. 2006) (plurality) (considering an appeal where the Commonwealth certified the order denying its motion for recusal handicapped its case pursuant to Pa.R.A.P. 311(d)).

[5] We point out to Appellant that "[t]he denial of a motion to recuse is preserved as an assignment of error that can be raised on appeal following the conclusion of the case." **In re A.D.**, 93 A.3d 888, 892 (Pa. Super. 2014).