J-S01028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RONALD WHITE, INDIVIDUALLY AND AS A SHAREHOLDER OF AND DERIVATIVELY ON BEHALF OF R&R COAL, INC., AND WHITEY'S BEER BARN, INC. | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 846 MDA 2017 |
| RUSSELL R. WHITE, LISA L. WHITE, RICHARD R. WHITE, WHITEY WASH ENTERPRISES, WHITE FOODS, INC., RR COAL, INC., AND WHITEY'S BEER BARN, INC. | : : : : : : : | |
| APPEAL OF: RUSSELL R. WHITE AND WHITEY WASH ENTERPRISES | : : | |

Appeal from the Order Entered May 12, 2017
In the Court of Common Pleas of Schuylkill County Civil Division at No(s):
S-2559-2013

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:               **FILED FEBRUARY 08, 2018**

Russell White (Russell) and Whitey Wash Enterprises, (Appellants), appeal from the orders entered on May 12, 2017 and May 17, 2017 denying their motion for the recusal of Judge John Domalakes (Judge Domalakes) and their petitions seeking injunctive relief and the removal of Edward Brennan, Esquire (Attorney Brennan) as guardian/receiver in the above-captioned matter.  For the reasons that follow, we quash Appellants' appeal from the May 12, 2017 order denying their motion for recusal, and affirm

the May 17, 2017 order denying their petitions for injunctive relief and to remove Attorney Brennan as guardian/receiver.

We summarize the facts and procedural history of this case as follows. Russell and Appellee, Ronald White (Ronald), each own fifty percent of RR Coal, Inc., which operates two anthracite coal preparation plants and Whitey's Beer Barn, Inc., a beer distributor (the Corporations). On December 21, 2013, Ronald filed a complaint in which he alleged that Russell was misusing the assets of the Corporations, which included, *inter alia*, purchasing a Ford Mustang and other items with company money for his own personal use. Ronald requested a preliminary injunction seeking the appointment of a guardian to manage the operations of the Corporations. On February 21, 2014, upon finding that Russell and Richard were unable to operate the Corporations together in a lawful and proper manner, the trial court issued an order appointing Attorney Brennan as guardian/receiver of the Corporations.

On October 16, 2015, Appellants filed a petition to remove Attorney Brennan as guardian/receiver in which they accused him of mismanaging the Corporations. Appellants sought the removal of Attorney Brennan because they were dissatisfied with his recommendation to the court to liquidate the corporations in order to satisfy all outstanding liens and encumbrances against the entities and because he shut down Whitey's Beer Barn. Additionally, Appellants accused Attorney Brennan of repeatedly refusing to

- 2 -

comply with the mandates of the trial court's February 21, 2014 order. Specifically, Appellants alleged that Attorney Brennan failed to file sufficient accountings of all the financial matters of the Corporations. Additionally, Appellants challenged the veracity of the financial reports that Attorney Brennan did file. Subsequently, on March 4, 2016, Appellants filed a petition seeking the recusal of Judge Domalakes.

On August 23, 2016, the trial court denied both petitions. The trial court credited Attorney Brennan's detailed answer, which specifically denied each of Appellants' allegations of mismanagement. Trial. Ct. Op., 8/23/16, at 3-4. The court noted that it was satisfied from all of the reports and recommendations filed by Attorney Brennan regarding the management of the Corporations that Attorney Brennan was managing the businesses in a prudent and reasonable manner. *Id.* Regarding Appellants' petition for recusal, the trial court concluded that Appellants' claims amounted to little more than dissatisfaction with the court's decisions and "its method for conducting proceedings[,]" which was not a valid for recusal. *Id.* at 8. Additionally, in its August 23, 2016 order, the trial court adopted Attorney Brennan's recommendation to liquidate the Corporations. *Id.* at 9.

Appellants appealed the August 23, 2016 order to this Court, but filed a praecipe to withdraw the appeal on September 7, 2016. On September 19, 2016, Appellants filed a motion to stay the liquidation of the assets of the Corporations. The same day, the trial court entered an order denying

the motion without prejudice because Appellants were in the process of obtaining new counsel. On October 7, 2016, Appellants filed a notice of appeal from the August 23, 2016 and September 19, 2016 orders. Attorney Brennan filed a motion to quash the appeal on the basis that the appeal from the August 23, 2016 order was untimely and the appeal from the September 19, 2016 order was interlocutory because the trial court denied that order without prejudice while Appellants hired a new attorney. On November 30, 2016, this Court granted the motion to quash.

On March 29, 2017, Attorney Brennan filed a motion for a rule to show cause as to why the guardianship/receivership should not be converted to a liquidating receivership. The following day, the trial court entered the requested rule to show cause.

On April 18, 2017, Appellants filed an answer in which they once again requested the immediate removal of Attorney Brennan as guardian/receiver and the appointment of Shane Hobbs, Esquire in his place. The same day, Appellants also filed another motion for the recusal of Judge Domalakes. Appellants alleged that, *inter alia*, Judge Domalakes was a material witness in this case because he issued an *ex parte* order in this matter on February 27, 2015. On May 8, 2017, Appellants filed a motion for a preliminary and permanent injunction seeking to enjoin Attorney Brennan from (1) taking any action relating to liquidating the Corporations, and (2) continuing as guardian/receiver in this matter. Once again, Appellants accused Attorney

Brennan of failing to file sufficient formal accountings for the Corporations and of financially mismanaging the Corporations.

On May 11, 2017, the trial court held a hearing on Appellants' motions. On May 12, 2017, the trial court entered an order denying Appellants' motion for recusal and on May 17, 2012, the trial court denied their motion to remove Attorney Brennan as guardian/receiver and for injunctive relief. Appellants appealed to this Court.

On appeal, Appellants raise the following issues for our review:

> 1. Whether a trial court judge who becomes a material witness in a case and who fails to enforce and require obedience to his own court orders entered in the case should be ordered to recuse himself from further proceedings in such case?
>
> 2. Whether a corporate guardian/receiver who financially destroys two corporations should be immediately relieved of the difficulties of his/her office where he/she commits serial violations of the mandatory commands contained in the appointing court's order directing the corporate guardian/receiver to preserve and protect the property of a corporations [*sic*] and to file yearly reports of all the financial transactions of the two corporations?

Appellants' Brief at 2.

Prior to discussing the issues raised by Appellants, we must first address Attorney Brennan's application to quash this appeal, as it implicates our jurisdiction to review this matter. In his application to quash, Attorney Brennan argues that this Court should quash Appellants' appeal as interlocutory.

In support of this argument, Attorney Brennan first asserts that the trial court's order denying Appellants' motion for recusal is an interlocutory order that is not appealable as of right or as a collateral order. In their answer, Appellants respond by arguing that "[a] decision by a Trial Judge deciding a motion seeking the Judge's recusal due to disqualification is an appealable order pursuant to Pa.R.A.P. 313[,] as it is a collateral order whereby this recusal issue cannot be addressed and resolved on appeal from a final judgment in the case." Answer to Application to Quash, 10/30/17, ¶ 14.

This Court may address the merits of an appeal taken from "(a) a final order or an order certified as a final order; (2) an interlocutory order [appealable] as of right; (3) an interlocutory order [appealable] by permission; or (4) a collateral order." *Commerce Bank v. Kessler*, 46 A.3d 724, 728 (Pa. Super. 2012), *quoting Stahl v. Redcay*, 897 A.2d 478, 485 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 341(b). "As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *Am. Indep. Ins. Co. v. E.S.*, 809 A.2d 388, 391 (Pa. Super. 2002); *see also* Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a government unit or trial court.").

This Court has routinely held that, pursuant to the above authority, a pre-trial motion seeking to recuse a judge from further proceedings is not a

- 6 -

final order. **See In re Bridgeport Fire Litig.**, 51 A.3d 224, 229 (Pa. Super. 2012) ("an order on a motion for recusal is an interlocutory order for purposes of an appeal"); **see also Rohm and Haas Co. v. Lin**, 992 A.2d 132, 149 (Pa. Super. 2010); **Krieg v. Krieg**, 743 A.2d 509, 511 (Pa. Super. 1999); **Hahalyak v. Integra Fin. Corp.**, 678 A.2d 819 (Pa. Super. 1996); **Kenis v. Perini Corp.**, 682 A.2d 845 (Pa. Super. 1996). Additionally, this Court has stated that an appeal from the denial of a pre-trial motion to recuse does not fall within any of the categories listed in Rules 311 (Interlocutory Appeals as of Right) or 313 (Collateral Orders)[1] of the Pennsylvania Rules of Appellate Procedure. **Krieg**, 743 A.2d at 511. Therefore, the trial court's May 12, 2017 denying Appellants' motion for the recusal of Judge Domalakes is not a final order or an interlocutory order

---

[1] Rule 313 provides:

> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

appealable as of right or a collateral order. Accordingly, we quash Appellants' appeal from the May 12, 2017 order.

Next, Attorney Brennan asserts that the trial court's May 17, 2017 order denying Appellants' request for a preliminary injunction and their petition to remove Attorney Brennan as guardian/receiver was likewise interlocutory and not appealable as of right. In their answer, Appellants respond by arguing that an order refusing to modify a receivership or other similar matter is appealable as of right under Rule 311(a)(2) and that the May 17, 2017 order constitutes such an order because they were seeking to have the guardianship/receivership modified by removing Attorney Brennan as guardian/receiver. Similarly, Appellants contend that under Rule 311(a)(4), an order that grants or denies an injunction is appealable as of right.

The May 17, 2017 order does not constitute a final order as defined by Rule 341(b) and Appellants do not dispute this assessment. Rather, Appellants assert that the order is appealable under Rule 311(a), which governs appeals as of right from interlocutory orders.

Appellants argue that the instant order is appealable pursuant to either subsections (a)(2) or (a)(4) of Rule 311. Rule 311(a)(2) provides for an interlocutory appeal as of right from an order "confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or

control of property." Pa.R.A.P. 311(a)(2). Rule 311(a)(4) permits an interlocutory appeal to be as of right taken from an order "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions." Pa.R.A.P. 311(a)(4). In interpreting Rule 311(a), this Court has explained:

> Orders involving attachments, receiverships, custodianships or other similar matters affecting the possession or control of property, are among the classes of interlocutory orders which are appealable as of right. Rule 311(a)(2), **supra**. Interlocutory orders involving injunctions are likewise appealable as of right. Rule 311(a)(4), **supra**.

**Jerry Davis, Inc. v. Nufab Corp.**, 677 A.2d 1256, 1259 (Pa. Super. 1996).

In this case, the trial court's May 17, 2017 order denied Appellants' petition to remove Attorney Brennan as guardian/receiver and their related petition for injunctive relief. Thus, the trial court's May 17, 2017 order constitutes an order refusing to modify a receivership and an order refusing an injunction. As such, the May 17, 2017 order, although interlocutory, is immediately appealable as of right under Rule 311(a)(2) and (4).

We now turn our attention to the merits of Appellants' appeal from the May 17, 2017 order. Appellants argue that the trial court erred in denying their petitions for injunctive relief and to remove Attorney Brennan as guardian/receiver.

Generally, "appellate courts review a trial court order refusing or granting a preliminary injunction for an abuse of discretion." **Summit**

*Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003).

> An abuse of discretion is not merely an error of judgment. *Paden v. Baker Concrete Constr[.], Inc.*, [] 658 A.2d 341, 343 ([Pa.] 1995). Rather, an abuse of discretion exists if the trial court renders a judgment that is manifestly unreasonable, arbitrary, or capricious, or if it fails to apply the law or was motivated by partiality, prejudice, bias, or ill will. *Harman v. Borah*, [] 756 A.2d 1116, 1123 ([Pa.] 2000). If the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion. *Id.*

*Ambrogi v. Reber*, 932 A.2d 969, 974 (Pa. Super. 2007). "[R]eview of a trial court's order granting or denying preliminary injunctive relief is 'highly deferential.'" *Warehime v. Warehime*, 860 A.2d 41, 46 (Pa. 2004) (citation omitted). "This 'highly deferential' standard of review states that in reviewing the grant or denial of a preliminary injunction, an appellate court is directed to 'examine the record to determine if there were any apparently reasonable grounds for the action of the court below.'" *Id.* (citation omitted).

A party seeking a preliminary injunction must establish each of the six following prerequisites and the failure to establish any one of them is fatal to the request:

> First, a party seeking a preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. Second, the party must show that greater injury would result from refusing an injunction than from granting it,

and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. Third, the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct. Fourth, the party seeking an injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. Fifth, the party must show that the injunction it seeks is reasonably suited to abate the offending activity. Sixth and finally, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

***Duquesne Light Co. v. Longue Vue Club***, 63 A.3d 270, 275 (Pa. Super. 2013) (quotations and citation omitted).

Appellants make two primary contentions in support of their argument that the trial court erred in denying their petitions for injunctive relief and to remove Attorney Brennan as guardian/receiver. First, Appellants assert that the trial court should have dismissed Attorney Brennan because he was not interested in operating Whitey's Beer Barn (one of the Corporations) on a day-to-day basis, which he was required to do pursuant to the trial court's February 21, 2014 order appointing him as guardian/receiver. Appellants claim that when a court appoints a guardian/receiver to manage a business, and that individual "later decides he doesn't want to operate the business and unilaterally takes it upon himself to shutter the business, he should be immediately removed from office[.]" Appellants' Brief at 10.

- 11 -

In denying Appellant's petitions to remove Attorney Brennan as guardian/receiver and for injunctive relief, the trial court concluded that Appellants failed to establish that an injunction "is necessary to prevent immediate and irreparable harm." Trial Ct. Op., 5/17/17, at 4. The trial court found that Attorney Brennan was appropriately performing his role as guardian/receiver. *Id.* at 5. The court explained:

> The Court finds credible the testimony of [Attorney Brennan] and concludes that he has demonstrated conscientious, effective and devoted efforts to properly manage both entities despite interference and continuous criticism of his efforts. His responses to the criticisms of [Appellants] demonstrate that he had cogent reasons for his actions.

*Id.*

We conclude that the record supports the trial court's determination. There is no support in the record for Appellants' argument that the trial court should have dismissed Attorney Brennan because he was not interested in operating the Corporations. Attorney Brennan did state at the May 11, 2017 hearing that he shut down Whitey's Beer Barn, in part, because he did not "want to operate the business[.]" N.T., 5/11/17, at 27. Appellants, however, reference this statement entirely out of context. At the hearing, Attorney Brennan offered a litany of reasons for why he shut down the operations of Whitey's Beer Barn. Attorney Brennan stated that all of the employees of the business, including the manager, quit; he could not quickly find a qualified individual approved by the Liquor Control Board to replace

- 12 -

the manager; and because it is illegal to sell expired beer in Pennsylvania, he had to return much of the business' inventory, and consequently, it ran out of money. *Id.* at 27-30. The only way he could have kept the business running would have been to manage it on a day-to-day basis, which he was unable to do. *See id.* Moreover, Appellants provide no indication that if Attorney Brennan had taken over the day-to-day operations of Whitey's Beer Barn, it would have been profitable.

Contrary to Appellants' assertion, there was no requirement in the February 21, 2014 order appointing Attorney Brennan as guardian/receiver that required him to manage the day-to-day operations of the Corporations. Rather, the order provided Attorney Brennan "with the following authority":

> … to manage and conduct the business and occupation now and heretofore conducted by the Corporations in such manner as will in Guardian's judgment produce most satisfactory results, so that the operation of the business and occupation of the Corporations shall be continued in the same manner as at present, including the extension of the usual credits to purchasers of merchandise, to exercise the authority and rights of the Corporations to preserve and protect the Corporations' business and properties in proper condition and repair, so that they may be safely and advantageously used, to protect the title and possession of assets, to secure and develop the business of the Corporations, and in their discretion to employ and discharge such persons and make such payments and disbursements as may be needful in so doing and to make business, employment and wage, and salary decisions.

Order, 2/21/14, ¶ 5(a).

Given the several challenges facing Whitey's Beer Barn, both from a personnel and financial standpoint, the record supports the trial court's finding that Attorney Brennan properly exercised his authority when he determined that the most appropriate course of action for Whitey's Beer Barn was to shut it down. *See* N.T., 5/11/2017, at 27-30. To the extent that it would have even been feasible, or permitted by the Liquor Control Board, Attorney Brennan was under no obligation to assume management of the day-to-day operations of the business. Therefore, the trial court did not abuse its discretion by declining to remove Attorney Brennan as guardian/receiver on this basis.

Second, Appellants contend that the trial court should have removed Attorney Brennan as guardian/receiver because he failed to provide sufficient reports tracking the financial transactions of the Corporations as mandated by the court's February 21, 2014 order. In connection with Attorney Brennan's alleged failure to file proper financial reports, Appellants also challenge the veracity of the accountings filed by Attorney Brennan and accuse him of financial "maladministration" of the Corporations. Appellants' Brief at 21.

As with Appellants' first argument, there is no record to support their contention that the trial court should have removed Attorney Brennan because he failed to provide appropriate reports tracking the financial

transactions of the Corporations. With respect to financial reporting, the February 21, 2014 order provided :

> On a yearly basis, the Guardian shall file with the Protonotary's office a formal accounting of all financial matters of the corporations and supply to all the parties a copy of that accounting to which any of the parties may file objections.

Order, 2/21/14, ¶ 5(a).

The record contains numerous financial reports and accountings for both Corporations. **See, e.g.**, Guardian's Second Formal Accounting and Report for Whitey's Beer Barn, 6/23/16; Guardian's Formal Accounting and Report for RR Coal, Inc., 3/9/16; Guardian's Formal Accounting and Report for Whitey's Beer Barn, 4/1/15; **see also** Petition Seeking Immediate Removal of Receiver, 4/18/17, Exhibit 41. These reports cover the financial matters of the Corporations dating back to 2014, when the trial court appointed Attorney Brennan as guardian/receiver. Additionally, Attorney Brennan also testified at the May 11, 2017 hearing that he disclosed everything asked of him and that he on numerous occasions invited Appellants and their attorney to his office to review anything that they wanted related to the Corporations, but they never did. N.T., 5/11/17, at 15-25.

To the extent Appellants challenge the veracity or completeness of these reports, as noted above, the trial court found Attorney Brennan's

reports and testimony to be credible. *See* Trial Ct. Op., 5/17/17, at 4-5;

Trial. Ct. Op., 8/23/16, at 3-4. This Court has routinely held:

> the credibility of witnesses is an issue to be determined by the trier of fact. On appeal this Court will not revisit the trial court's determinations ... regarding the credibility of the parties. Thus, [an] argument, which would require this Court to revisit and essentially reverse the [trial court] on his credibility determinations, provides no grounds for relief.

*Stephan v. Waldron Elec. Heating & Cooling LLC*, 100 A.3d 660, 667

(Pa. Super. 2014) (quotations and citations omitted). Thus, we cannot

conclude that the trial court abused its discretion by declining to remove

Attorney Brennan as guardian/receiver for his alleged failure to file proper

financial reports and accountings for the Corporations.

Finally, we note that this is not the first attempt by Appellants to

remove Attorney Brennan as guardian/receiver, and the trial court has

previously denied their attempts to do so. In general, Appellants largely

seek the removal of Attorney Brennan based on their dissatisfaction with the

long-term decisions he has made regarding the liquidation of the

Corporations. Appellants provide no authority for the proposition that such

dissatisfaction constitutes a basis upon which a trial court may remove a

guardian/receiver. Indeed, their appellate brief lacks citation to any binding

or relevant authority that would support the removal of Attorney Brennan for

any of the reasons articulated by Appellants. Accordingly, because the

record supports the trial court's decision to deny Appellants' petition to

remove Attorney Brennan as guardian/receiver and their motion for injunctive relief, we affirm the trial court's May 17, 2017 order.

Appeal quashed in part and affirmed in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/08/2018