**Randall C. KRIEG, Appellant,**

v.

**Gretchen A. KRIEG,**

v.

**Edward M. Perlis and Gloria M. Perlis, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1999.

Filed Dec. 20, 1999.

Nancy P. Wallitsch, Allentown, for appellant.

Fern B. Caplan, Exton, for Perlis, appellees.

Before FORD ELLIOTT, STEVENS and ORIE MELVIN, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Lehigh County denying Father's motion for recusal. We quash the appeal.

¶ 2 The relevant facts and procedural history are as follows: On June 1, 1989, Father filed a Complaint for Custody seeking primary legal and physical custody of his and Mother's minor children. On July 12, 1989, Mother was awarded primary custody of the children while Father was awarded partial custody. In September of 1990, however, Mother voluntarily transferred custody of the children to Father. On October 5, 1990, the children's maternal grandparents [1] filed a petition to intervene, and, on October 15, 1990, the court awarded the parties shared legal custody, but granted primary custody to Father and partial custody to the maternal grandparents. Thereafter, in January of 1992, Mother died from an acute illness.

¶ 3 Father maintained primary custody of the children until September 27, 1991, when it was alleged that he intended to leave the Commonwealth with the children in violation of the trial court's order. The maternal grandparents were awarded temporary and exclusive custody. On October 9, 1992, the trial court continued the shared legal custody arrangement, but granted Father primary custody of the children, with partial custody rights to the maternal grandparents. On January 7, 1994, due to Father's need for inpatient care at the Caron Foundation, the court again granted the maternal grandparents temporary custody of the children.

¶ 4 On August 23, 1994, Robert E. Donatelli, Esquire was appointed guardian *ad litem* for the children, and, upon completion of the program at the Caron Foundation, Father petitioned for review of the children's custody. By order dated October 26, 1995, the trial court awarded primary physical and legal custody of the children to Father, with limited partial custody to the maternal grandparents. On November 22, 1995, the maternal grandparents filed an appeal to this Court, and we vacated the custody order and remanded for further proceedings. Following a custody hearing, the trial court again awarded primary physical and legal custody of the children to Father by order dated April 20, 1998, with partial custody to the maternal grandparents. Following the denial of Father's petition for reconsideration, Father filed a notice of appeal to this Court on May 19, 1998, and we affirmed on August 13, 1999.

¶ 5 On August 5, 1998, the maternal grandparents sent a letter to the trial judge requesting that Attorney Donatelli be removed as the guardian *ad litem*. The trial judge sent a letter to Father's and the maternal grandparents' attorneys indicating that the maternal grandparents' letter had been received by the court, informing the maternal grandparents that they were not permitted to engage in such further contact with the court, and informing the parties that Attorney Donatelli would be

---

**1.** The Appellees in this case are the maternal grandmother and the maternal step-grandfather of the children. However, for the sake of clarity, we shall refer to the Appellees as "the children's maternal grandparents."

removed as guardian *ad litem* unless the parties objected. Hearing no objection, on September 9, 1998, the trial court entered an order removing Attorney Donatelli as the children's guardian *ad litem*. On October 1, 1998, Father filed a motion for recusal seeking to prevent the Honorable William E. Ford from presiding over any subsequent proceedings in connection with the child custody matter. The trial court denied the motion on November 4, 1998, and Father filed this appeal challenging the trial court's denial of the motion to recuse on November 25, 1998. On December 1, 1998, the trial court ordered Father to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b), and Father so complied. On April 8, 1999, the trial court filed its Rule 1925(a) opinion.

¶ 6 This Court ordinarily has jurisdiction only over appeals taken from final orders. 42 Pa.C.S.A. § 742. As defined in the Pennsylvania Rules of Appellate Procedure, a final order disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1). A final order may also be defined as final by a statute or may be made final if an order disposes of fewer than all claims or parties if the trial court makes an express deter-

mination of finality.[2] Pa.R.A.P. 341(b)(2), (b)(3), (c).

¶ 7 This Court has held that, pursuant to the above-mentioned rules, a pre-trial motion seeking to recuse a judge from further proceedings is not a final order.[3] *See Hahalyak v. Integra Financial Corp.,* 451 Pa.Super. 171, 678 A.2d 819 (1996); *Kenis v. Perini Corp.,* 452 Pa.Super. 634, 682 A.2d 845 (1996). Moreover, this Court has indicated that an appeal from a denial of a pre-trial motion to recuse does not fit into any of the categories listed in Rules 311 and 313,[4] and, therefore, it is not an interlocutory or collateral order that is immediately appealable. *See Hahalyak, supra; Kenis, supra.* We must, therefore, quash this appeal.[5]

¶ 8 Appeal quashed.

¶ 9 FORD–ELLIOTT, J., concurs in the result.

---

2. We note that the trial court did not expressly determine that the order was final pursuant to Pa.R.A.P. 341(c).

3. We acknowledge that the motion to recuse in this case was not filed in connection with a pending child custody matter. Rather, it appears that the motion was filed in anticipation of further custody proceedings. As such, at first blush, it appears that the motion to recuse in this case is not technically a pre-trial motion and that it disposes of all claims since there is no other action pending. However, we conclude that a motion to recuse such as the one in the case *sub judice* should be treated as a pre-trial motion for the purposes of appeal. Practically, if parties are permitted to file an appeal from a motion to recuse, before any underlying action is filed in connection therewith, this Court could be faced with reviewing appeals which, if granted, would have no effect. That is, this Court could find that a trial court judge should be recused, and then no underlying action may be filed. As such, we conclude that a motion to recuse may be reviewed only after an un-

derlying action is filed and has been decided. In any event, even if we were to reach the merits in this case, Father's claim fails as Father has pointed to nothing in the record to meet his burden of proving "bias, prejudice or unfairness in necessitating recusal." *Hall v. Hall,* 333 Pa.Super. 483, 482 A.2d 974, 976 (1984) (citations omitted).

4. Rule 313 provides that an appeal may be taken as of right from a collateral order. A collateral order is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

5. Father also contends that the trial court erred in dismissing the guardian *ad litem* by order filed September 10, 1998. We conclude that this is not a final order, and, therefore, we shall not address the merits of the issue at this time. *See Givens v. Givens,* 304

Pa.Super. 571, 450 A.2d 1386 (1982) (holding that where the trial court denies a motion for the appointment of a guardian *ad litem* in a child support case, the order is unappealable). We note that if we were to conclude that the guardian *ad litem* order was a final, appealable order, we would find that Father's appeal therefrom is untimely. *See* Pa.R.A.P. 903(a) (a notice of appeal must be filed within thirty days after the entry of the order).