J. S47034/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| E.T.S., III, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 770 EDA 2017 |
| | : | |
| C.S. | : | |

Appeal from the Order Entered February 14, 2017,
in the Court of Common Pleas of Northampton County
Civil Division at No. C0048CV2005002186

BEFORE:  LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 13, 2017**

E.T.S., III ("Father"), appeals *pro se* from the February 14, 2017 order denying his petition requesting that the entire Northampton County Court of Common Pleas judiciary recuse itself from the parties' protracted custody proceedings.  After careful review, we quash this appeal.

Father and C.S. ("Mother") were married on December 31, 2003, and are the parents of minor child, S.J.S ("Child"), who was born after the parties separated.  The parties were divorced on December 31, 2007, and have been entangled in custody proceedings since April 2005.  Recently, in February 2016, the Honorable Michael J. Koury, Jr., conducted a four-day non-jury trial on Father's petition for contempt, counter-petition for modification of custody order, and motion for reconsideration, and Mother's petition for modification of custody order.  On June 9, 2016, Judge Koury

entered an order and opinion disposing of the parties' petitions. Judge Koury's opinion summarizes the lengthy procedural history of this case up until that date, and it need not be reiterated here. (**See** trial court opinion, 6/9/16 at 2-9.)

The instant appeal arises from the Honorable Stephen G. Baratta's denial of Father's November 16, 2016 petition requesting that the entire Northampton County Court of Common Pleas judiciary recuse itself from the parties' custody proceedings. This recusal petition was not initially listed for a hearing. It is noteworthy, however, the number of appeals by Father that have been quashed in this matter since that time. Specifically, on November 25, 2016, Father filed a notice of appeal from the November 8, 2016 order granting Mother's petition to have a counselor appointed for Child. (**See** No. 3673 EDA 2016.) Father's appeal was quashed by this court on January 23, 2017. On December 19, 2016, Father filed a notice of appeal from a November 30, 2016 order on the basis it contained a "scrivener's error." (**See** No. 14 EDA 2017.) This order was entered following a November 29, 2016 custody conference between the parties during which Mother agreed to submit to psychological evaluation at Father's request. This court quashed Father's appeal on January 20, 2017. Additionally, on January 11, 2017, Father filed a notice of appeal from the January 5, 2017 order denying his sixth petition for contempt and modifying the November 30, 2016 custody order. (**See** No. 307 EDA 2017.) On

April 19, 2017, this court dismissed Father's appeal due to his failure to file a brief.

Father's November 16, 2016 recusal petition, which is the subject of the instant appeal, was renewed after the November 29, 2016 custody conference. On January 11, 2017, the trial court scheduled a hearing on Father's petition, which was held on February 8, 2017. At this hearing, the trial court conducted an extensive inquiry into the individuals with whom Father believed the trial court had an improper "prior professional relationship." (**See** notes of testimony, 2/8/17 at 54-57.) As noted, the trial court entered an order on February 14, 2017 denying Father's petition.[1] (Trial court order, 2/14/17.) That same day, the trial court authored a "statement of reasons" in support of said order. (**See id.** at 1-3.) On February 28, 2017, Father filed a timely **pro se** notice of appeal. Although not ordered to do so, Father filed a four-page Pa.R.A.P. 1925(b) statement that same day. Thereafter, on March 2, 2017, the trial court filed its Rule 1925(a) opinion.[2]

---

[1] The record reflects that the February 14, 2017 order was dated February 8, 2017 and is referred to as such throughout various pleadings.

[2] On March 20, 2017, this court directed Father to show cause as to why this appeal should not be quashed as interlocutory. That same day, this court entered a **per curiam** order determining that Father's appeal "does not meet the definition of a Children's Fast Track case pursuant to Pa.R.A.P. 102" and directed the Prothonotary to remove the Children's Fast Track designation. (**Per curiam** order, 3/20/17.) Father filed his response to the rule to show cause order on March 29, 2017. Thereafter, on April 7, 2017, we issued a **per curiam** order discharging the rule to show cause,

Father raises the following issues for our review:

1.    Whether the evidence supports the reversal of the February 8, 2017 Order (Void **ab initio** 11/19/2005 Order)?

2.    Whether it is in this child's best interest for Dr. Esteve to be immediately (fast track) appointed to complete the agreed, non-biased custody evaluation, initiated in 2005?

3.    Whether this should be a fast-track custody matter and remanded to an out of County Judge for prompt resolution?

Father's brief at 4 (citations to certified record and case law omitted).

Preliminarily, we note that to the extent Father challenges the prior custody determinations on appeal, we deem those issues waived. Father's Rule 1925(b) statement and brief raise a litany of ancillary claims concerning the parties' custody arrangement and his dissatisfaction with various rulings of the Northampton County Court of Common Pleas since 2005. As recognized by the trial court, the February 14, 2017 order from which this appeal is taken "did not modify custody or address any custody issues" and have no place in this appeal. (Rule 1925(a) opinion, 3/2/17 at 1.) Accordingly, Father has waived any issues pertaining to the prior custody determinations of the Northampton County Court of Common Pleas.

---

declining to make a "final determination as to the propriety of the appeal." (**Per curiam** order, 4/7/17.)

The crux of Father's remaining argument on appeal is that the trial court abused its discretion in failing to recuse itself from the parties' custody proceedings. (Father's brief at 48-61.) Father's claim is premised on his dissatisfaction with the various rulings of the judges in the Northampton County Court of Common Pleas that have presided over this custody matter since 2005. (*Id.*) Before we proceed to consider Father's claim, we must determine whether the appeal is properly before us. It is well established that "[t]he appealability of an order directly implicates the jurisdiction of the court." *Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064, 1067 (Pa.Super. 2014) (citation and quotation marks omitted). Under Pennsylvania law,

> [a]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).
>
> A final order is one that disposes of all the parties and all the claims . . . or is entered as a final order pursuant to the trial court's determination.

*Veloric v. Doe*, 123 A.3d 781, 784 (Pa.Super. 2015) (internal case citations and quotation marks omitted).

As noted, the February 14, 2017 order did not address or modify the parties' custody arrangement, but merely denied Father's recusal petition. Generally, an order denying a motion for recusal is not a final, appealable order. *In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa.Super. 2012). In some circumstances, however, an order granting or denying a

motion to recuse may be immediately appealable. ***See***, ***e.g.***, ***Commonwealth v. White***, 910 A.2d 648 (Pa. 2006) (plurality) (considering an appeal where the Commonwealth certified the order denying its motion for recusal handicapped its case pursuant to Pa.R.A.P. 311(d)).

Instantly, Father's appeal is not from a final order or a Rule 311 interlocutory appeal as of right, and he did not seek to file an interlocutory appeal by permission pursuant to Rule 312. We must, therefore, determine whether the order in question qualifies as a collateral order under Rule 313. The collateral order doctrine authorizes an interlocutory appeal when: "(a) [t]he order is separable from and collateral to the main cause of action; (b) [t]he right involved is too important to be denied review; and (c) [t]he question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." ***Dougherty v. Heller***, 138 A.3d 611, 616 (Pa. 2016) (citation omitted). The collateral order doctrine "must be interpreted narrowly[,]" and "each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." ***Ignelzi v. Ogg, Cordes, Murphy & Ignelzi, LLP***, 160 A.3d 805, 811 (Pa.Super. 2017) (citations and internal quotation marks omitted).

Upon review, we find that the trial court's February 14, 2017 order is not a collateral order such that our jurisdiction is invoked. First, Father's claim is not separate from and collateral to the main cause of action; rather, the order in question is intertwined with the underlying custody dispute,

which had been ongoing since 2005. Second, Father's appeal does not constitute a right so important to the public that it should not be denied review.

Third, it is clear that Father will not be irreparably harmed by our decision to quash his appeal from the order denying his recusal petition, given the fact that a custody determination in this matter has already occurred and that his recusal petition is essentially a "pre-trial" motion to recuse and, thus, premature. We recognize that, at first blush, it appears that the trial court's February 14, 2017 order disposes of all claims since there is no other action pending. However, as we surmised in *Krieg v. Krieg*, 743 A.2d 509 (Pa.Super. 1999), Father's petition to recuse should be treated as a pre-trial motion for the purposes of appeal:

> **Practically, if parties are permitted to file an appeal from a motion to recuse, before any underlying action is filed in connection therewith, this Court could be faced with reviewing appeals which, if granted, would have no effect.** That is, this Court could find that a trial court judge should be recused, and then no underlying action may be filed. As such, we conclude that a motion to recuse may be reviewed only after an underlying action is filed and has been decided.

*Id.* at 511 n.3 (emphasis added). The *Krieg* court held that "a pre-trial motion seeking to recuse a judge from further proceedings is not a final order . . . an appeal from a denial of a pre-trial motion to recuse does not fit into any of the categories listed in Rules 311 [(interlocutory appeal as of

right)] and 313 [(collateral order)] and, therefore, it is not an interlocutory or collateral order that is immediately appealable. ***Id.*** at 511 (citations and footnote omitted).

Based on the foregoing, we conclude that we lack jurisdiction to entertain Father's claims and quash this appeal as interlocutory.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/13/2017</u>