J-A26037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: FOUR PENNSYLVANIA SKILL AMUSEMENT DEVICES AND ONE TICKET REDEMPTION TERMINAL CONTAINING $18,692 IN U.S. CURRENCY | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: COMMONWEALTH OF PENNSYLVANIA | : : | No. 1218 EDA 2022 |

Appeal from the Order Dated May 16, 2022
In the Court of Common Pleas of Monroe County Civil Division at No(s):
6673 CV 2021

BEFORE:  BOWES, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JANUARY 24, 2023**

The Commonwealth appeals from the order entered in the Court of Common Pleas of Monroe County (trial court) denying its motion for recusal. We quash the appeal.

**I.**

**A.**

On October 28, 2021, the Commonwealth executed a search warrant and seized four Pennsylvania Skill Amusement devices, one ticket redemption terminal and approximately $18,692 (collectively, the "Property") from Smokin' Joe's Tobacco Shop as part of an ongoing criminal investigation into possible illegal gambling activity.  L&M Music owns the amusement devices

_____

* Retired Senior Judge assigned to the Superior Court.

and ticket redemption terminal.  Smokin' Joe's Tobacco Shop has a possessory interest in them.

On November 24, 2021, L&M Music and Smokin' Joe's Tobacco Shop (collectively, the "Petitioners") commenced this action by filing an Omnibus Petition to Return Seized Property[1] to Suppress Evidence and to Unseal Search

---

[1] Pa. R. Crim. P. 588 governs the return of seized property.  It provides:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon.  If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Comment:  A motion for the return of property should not be confused with a motion for the suppression of evidence, governed by Rule 581.  However, if the time and effect of a motion brought under the instant rule would be, in the view of the judge hearing the motion, substantially the same as a motion for suppression of evidence, the judge may dispose of the motion in accordance with Rule 581.

Pa.R.Crim.P. 588.

Under this rule, on any motion for return of property, the moving party must establish by a preponderance of the evidence entitlement to lawful possession.  Once that is established, unless

*(Footnote Continued Next Page)*

there is countervailing evidence to defeat the claim, the moving party is entitled to the return of the identified property. A claim for return of property can be defeated in two ways: an opposing party can establish that it, not the moving party, is entitled to lawful possession to the property or the Commonwealth can seek forfeiture claiming that property for which return is sought is derivative contraband.

**Commonwealth v. Durham**, 9 A.3d 641, 645 (Pa. Super. 2010), *appeal denied*, 19 A.3d 1050 (Pa. 2011) (internal citations omitted). Because there is no common law civil forfeiture, civil forfeiture of derivative contraband requires statutory authorization. **See Commonwealth v. Irland**, 193 A.3d 370, 382 (Pa. 2018).

Not mentioned in **Irland** because that case began before its enactment or the parties in this case, is 42 Pa.C.S. § 5806, contained in the Forfeiture Act, which now appears to govern motions for return of property. It provides:

**(a) Motion.—**The following shall apply:

(1) A person aggrieved by a search and seizure may move for the return of the property seized by filing a motion in the court of common pleas in the judicial district where the property is located.

(2) The filer under paragraph (1) must serve the Commonwealth.

(3) Upon proof of service, the court shall schedule a prompt hearing on the motion and shall notify the Commonwealth. A hearing on the motion shall, to the extent practicable and consistent with the interests of justice, be held within 30 days of the filing of the motion.

(4) The assigned judge may require the filing of an answer.

(5) If a forfeiture petition was filed by the Commonwealth before the filing of a motion for return of property, the motion shall be assigned to the same judge for disposition, as practicable.

**(b) Contents of motion.—**A motion under this section shall:

*(Footnote Continued Next Page)*

- 3 -

J-A26037-22

Warrant. The court issued a Rule on the Commonwealth as to why the petition should not be granted, returnable for answer and hearing on December 16, 2021.

In response, the Commonwealth filed a Motion to Continue the Return of Property Matter and Strike the Omnibus Petition in which it advised, in pertinent part, that the Property was seized as part of an active criminal investigation for which criminal charges had not yet been filed, so any consideration of the Property's return was premature. (*See* Commonwealth's

---

(1) Be signed by the petitioner under penalty of perjury.

(2) Describe the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property and any additional facts supporting the petitioner's claim. The information shall include:

(i) A description of the property seized.
(ii) A statement of the time and place where seized, if known.
(iii) The owner, if known.
(iv) The person in possession, if known.

(3) Identify the relief sought, which may include:

(i) Return of the petitioner's property.
(ii) Reimbursement for the petitioner's legal interest in the property.
(iii) Severance of the petitioner's property from the forfeited property.
(iv) Any relief the court deems appropriate and just.

42 Pa.C.S. § 5806.

- 4 -

Motion, 12/09/21, at ¶¶ 14(b), 18). The Commonwealth explained that Criminal "Rule 581(B-C) does not permit this court to consider petitioners' premature petition to suppress evidence or hold a suppression hearing prior to criminal charges being filed." (*Id.* at ¶¶ 36-37).[2]

On December 27, 2021, pursuant to the Commonwealth's request, the trial court continued the hearing until March 2022. In the intervening three months, the parties filed several motions, including Petitioners' motions for discovery, one of which contained, in pertinent part, a reference to the text of the sealed search warrant. (*See* Discovery Motion, 3/03/22, at ¶ 12). The Commonwealth filed a motion to dismiss the discovery motions, noting, in part, that Petitioners' reference to the sealed search warrant indicates that they improperly possess the sealed warrant, which the Commonwealth was investigating. (*See* Commonwealth's Motion to Dismiss, 3/07/22, at ¶¶ 30-31). After the court issued a Rule Returnable for the March 24, 2022 hearing,

_____

[2] Pa. R. Crim. P. 581(B), (C) provides that:

> (B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

> (C) Such motion shall be made to the court of the county in which the prosecution is pending.

Pa.R.Crim.P. 581(B), (C).

Petitioners withdrew their discovery motions by *praecipe*. (Petitioners' *Praecipe* to Withdraw Motion for Discovery, 3/21/22). The Commonwealth filed Motions to Exclude Irrelevant and Extraneous Material in which it observed that the withdrawal of the discovery motions would result in Petitioners not having to explain how they possessed the sealed search warrant. (*See* Commonwealth's Motions to Exclude Irrelevant and Extraneous Material, 3/21/22, at ¶¶ 9-10, 26).

**B.**

At the March 24, 2022 hearing,[3] the trial court observed that this case is in a unique procedural posture because the Omnibus Petition was filed to a civil docket number, using Rules of Criminal Procedure return of property law at Rules 581 (suppression of evidence) and 588 (motion for return of property). (*See* N.T., 3/24/22, at 19). The court explained:

> During [the March 24, 2022] hearing, I made known to counsel that I believed that forfeiture proceedings were the procedurally proper vehicle in which to adjudicate whether the [Property]

_____

[3] At the beginning of the March 24, 2022 proceedings, the court expressed concern and frustration with Petitioners' counsel about their possession of the sealed warrant and supporting affidavit. (*See* N.T., 3/24/22, at 11) ("I need to take a pause because I'm going to blow a gasket. Gentlemen, none of you should have access to that warrant, period, end of story."); (*see id.* at 12). In its opinion, the court notes that it later learned the Commonwealth misidentified the warrant in one of the motions to extend the sealing of it, resulting in the sealing of a different warrant. (*See* Trial Ct. Op., at 2 n.1). Although the warrant was later sealed again by a subsequent motion, it was unsealed for a period without the Commonwealth's knowledge. It was during this lapse that Petitioners' counsel obtained a copy from the Prothonotary. (*See id.*).

should be returned to the [Petitioners] or forfeited to the Commonwealth. I also made known to counsel my concern over [Petitioners]' due process rights as their property had been seized 5 months earlier, yet the Commonwealth had not commenced forfeiture or criminal proceedings—despite the Commonwealth's repeated representation that the [Property is] illegal *per se*.

(Trial Court Opinion, 7/11/22, at 3); (***see also*** N.T., 3/24/22, at 20 (asking if Commonwealth intended to file criminal charges); 24-25 (questioning the fairness of seizure without further action); 26-27, 35-38 (questioning Commonwealth about forfeiture proceeding); 42-43 (denying counsel's request to submit authority)).

At the conclusion of the hearing, the court entered an order[4] that dismissed the Omnibus Petition for Return of Property and to Suppress Evidence but also ordered the Commonwealth to return the money it had seized. (***See*** Order, 3/24/22). The order directed the Commonwealth to comply with its forfeiture obligations pursuant to 18 Pa.C.S. § 5513(b) (Confiscation of Gambling Devices),[5] ordered the parties to submit briefs on

_____

[4] The Commonwealth did not seek to appeal the order to return the money, electing to file the stay instead. In the meantime, although it since returned the money, it was with the understanding that the Petitioners "shall return the funds and any interest thereon to the Commonwealth in the event of the Commonwealth's successful forfeiture of the four gaming devices at issue." (Order, 3/24/22, at ¶ 6).

[5] 18 Pa.C.S. § 5513(b) provides: "Confiscation of gambling devices.—Any gambling device possessed or used in violation of the provisions of subsection (a) shall be seized and forfeited to the Commonwealth. The forfeiture shall be conducted in accordance with 42 Pa.C.S. §§ 5803 (relating to asset forfeiture), 5805 (relating to forfeiture procedure), 5806 (relating to motion *(Footnote Continued Next Page)*

the forfeiture issue, dismissed the Commonwealth's Motions to Strike and to Exclude Irrelevant Information, and scheduled a June 15, 2022 status conference. (*See id.*); (*see also* Trial Ct. Op., at 3).

After the parties submitted briefs, the court issued a Rule on the Commonwealth to show cause why it should not be required to file a petition for forfeiture pursuant to 18 Pa.C.S. § 5513(b) and scheduled a hearing on the issue for April 27, 2022.

## C.

On Friday, April 22, 2022, the Commonwealth filed an answer to the Rule in which it stated that criminal charges had been filed on April 20, 2022, under Section 5513 of the Crimes Code. It did not file a separate motion for stay but maintained that a stay of the March 24, 2022 order was "necessary in light of the active criminal prosecution that will be followed by forfeiture" pursuant to the Rules of Criminal Procedure. (Commonwealth's Answer, 4/22/22, at ¶ 10); (*see id.* at ¶ 68) (requesting stay of the return of evidence until the conclusion of the criminal prosecution).

The Commonwealth again stated, *inter alia*, that the Petitioners are failing to follow the Criminal Rules of Procedure by attempting to litigate suppression and discovery issues, and that due process is provided by Criminal

---

for return of property), 5807 (relating to restrictions on use), 5807.1 (relating to prohibition on adoptive seizures) and 5808 (relating to exceptions).

Rule 588 (motion for return of property), which provides the mechanism to challenge seizures. (**See id.** at ¶¶ 12-19). Further, the Commonwealth noted that its insistence on holding an evidentiary hearing before any such premature forfeiture is procedurally proper. (**See id.** at ¶ 32).

At the commencement of the April 27, 2022 hearing, the trial court discussed the cases cited by the parties in their respective briefs and advised that it still believed this case was a proper forfeiture matter, and that the gaming machines should be returned because, if they are illegal, *per se*, no further investigation of them was necessary. (**See** N.T., 4/27/22, at 2-7). Specifically, the court stated:

> The Commonwealth has consistently said [the gaming devices] are *per se* illegal, and yet they have sought the extension of search warrants, and they make bold allegations that it's an ongoing investigation; there's an ongoing investigation. If it's *per se* illegal and you were ready and begging this [c]ourt to go to hearing on a return of property petition, I don't understand what further investigation regarding these devices there is.

(**Id.** at 6). When the Commonwealth advised the court that criminal charges had been recently filed against the Petitioners and the device manufacturer on April 20, 2022, the court responded:

> I was wondering if that was coming because for whatever reason you don't want to engage in discovery under the civil forfeiture rules, so I was wondering whether this rule was going to force you to do that, and my guess is that's what prompted you to do it because you kept telling me you needed to investigate. And now all of the sudden—and I just—be careful. Your word and your integrity is the one thing you can't get back when you lose because you kept telling me ongoing investigation. How much investigation was there that occurred with respect to these machines? And I don't want to know anything confidential. But

look me square in the eye as an officer of this court and tell me there was additional investigation relative to this case between the time that you kept pleading with me that there was ongoing investigation and the filing of these charges.

(N.T., 4/27/22, at 8); (*see id.* at 7, 9). The assistant district attorney (ADA) assured the court that continued investigation had been conducted before filing the criminal charges, despite the gaming machines being illegal *per se*. (*See id.* at 9-10).

When the court learned the Commonwealth had not returned the seized cash as ordered, (*see id.* at 16), it:

> was flabbergasted that a lawyer would not comply with my order in a timely manner. Admittedly, I was stern and frustrated by the Commonwealth's inaction.
>
> Assistant District Attorney Andrew Throckmorton, who had represented the Commonwealth at all proceedings, repeatedly requested to make a record on the issue of the Commonwealth's not returning the seized cash. I advised that I would issue a rule and schedule a hearing at a later date on his request, and that he should not ask again. He continued to ask to build the record on the issue 13 times. After the 10th request, counsel for [Petitioners] objected to Attorney Throckmorton's behavior as being in criminal contempt of court. Attorney Throckmorton proceeded to ask three more times, at which point I directed a deputy to escort him from the Courtroom. The proceedings ended shortly thereafter.
>
> At the conclusion of the hearing, I issued an order: 1) reinstating [Petitioners]' Petition for Return of Seized Property and to Suppress Evidence; 2) dismissing [Petitioners]' Petition to Unseal Search Warrant as moot; and 3) scheduling a hearing on the Petition for May 16, 2022. I also issued a rule … upon Attorney Throckmorton to show cause why he should not be held in direct contempt of court and indirect contempt, with hearing also scheduled for May 16, 2022.

(Trial Ct. Op., at 5); (*see also* N.T., 4/27/22, at 17 (court stating, "now you have ticked me off … Are court orders just discretionary to our District Attorney's Office?"), 18 ("You violated my Order for a month before you had the brains to file something with the Court. … You do not ... get to willy-nilly choose when and if you are going to follow a Court Order."), 20 ("I am disgusted.  I am disgusted. … Now I have to decide what to do … because I have an officer of the court who was given a Court Order and knowingly, knowingly violated it and did nothing for a month.)).

Thereafter, Petitioners' counsel requested that since criminal charges had been filed, the petition for return of property and to suppress the evidence be "treat[ed] as refiled under the criminal docket."  (N.T., 4/27/22, at 20). However, they did not withdraw their motion and re-file it at the criminal docket number and the court did not dismiss it to be re-filed.

**D.**

On May 11, 2022, the Commonwealth filed the subject Motion for Recusal, in which it claimed that that the court's actions at the March 24, 2022 and April 27, 2022 hearings supported recusal.  Specifically, the Commonwealth claimed that at the March 24, 2022 hearing, the court impermissibly questioned the Commonwealth's prosecutorial discretion, the fairness of the proceedings, interrupted counsel's attempts to respond and to build a record or submit authority.  (*See* Commonwealth's Motion for Recusal, 5/11/22, at ¶ 4) (citing N.T., 3/24/22, at 20, 24-27, 35-38, 42-43).  The

Commonwealth maintained that at the April 27, 2022 hearing, the trial court criticized the Commonwealth's use of prosecutorial discretion, questioned the Commonwealth's criminal investigation and motive in filing criminal charges, and accused the Commonwealth of willfully violating its order to return the seized money and stating that it would have "respected" an appeal filed two days after the entry of the March 24, 2022 order. (*Id.* at ¶ 5) (citing N.T., 4/27/22, at 6, 8, 9, 10, 11, 17-20).

The motion went on to aver that the trial judge's failure to recognize that a party has 30 days to file an appeal or to comply with a court order[6] "shows a lack of awareness of the law or a disregard of same," the court's repeated interruptions and refusal to allow the Commonwealth to make a record was not in keeping with the Code of Civility, and the "court's use of a loud voice and angry tone[,] overall intemperate conduct in addressing the attorney for the Commonwealth [and its conduct in scheduling contempt proceedings against the Commonwealth's attorney] show bias, prejudice or unfairness, and is not in keeping with the Code of Civility … and require recusal." (*Id.* at ¶ 6).[7]

_____

[6] The Commonwealth cites no authority that an order does not have to be followed until the appealed period has **lapsed**. **We are aware of no such authority**.

[7] The Pennsylvania Code of Civility provides, in pertinent part, that:

*(Footnote Continued Next Page)*

- 12 -

In response, the Petitioners argued in part that the recusal issue was waived for the Commonwealth's failure to bring the motion at the earliest possible time that a basis was known, and that it should be dismissed for the Commonwealth's failure to seek their concurrence pursuant to Monroe County Rule of Civil Procedure 208.2(d).[8]  (**See** Petitioners' Response in Opposition

_____

1. A judge must maintain control of the proceedings and has an obligation to ensure that proceedings are conducted in a civil manner.

2. A judge should show respect, courtesy and patience to the lawyers, parties and all participants in the legal process by treating all with civility.

\* \* \*

6. A judge should not employ hostile or demeaning words in opinions or in written or oral communications with lawyers, parties or witnesses.

\* \* \*

10. A judge should allow the lawyers to present proper arguments and to make a complete and accurate record.

11. A judge should not impugn the integrity or professionalism of any lawyer on the basis of the clients whom or the causes which he or she represents.

204 Pa. Code § 99.2(1), (2), (6), (10), (11); (**see** Motion for Recusal, at ¶ 6(e)).

[8] Pursuant to Monroe Co.R.C.P. 208.2(d)(1), (3), "[a]ll motions … shall contain a certification by counsel for the moving party that concurrence in the motion has been sought from all opposing counsel and that such concurrence has been granted or denied. … Failure to comply with this provision shall constitute
*(Footnote Continued Next Page)*

to Motion to Recuse, 5/12/22, at 2) (pagination provided). It maintained that "[u]nder the circumstances, what occurred is nothing more than the [c]ourt disagreeing with the Commonwealth on the law, and then asking counsel to justify decisions he made." (***Id.***) (citation omitted).

**E.**

At the commencement of the May 16, 2022 hearing on the petition,[9] the court addressed the Motion for Recusal. It admitted it had been frustrated with the case from the beginning when it learned the sealed search warrant had been disclosed and the Commonwealth failed to return the seized money as ordered. It apologized for allowing its frustration to show, but it denied the Commonwealth's recusal motion because it believed, after reflection and review of the hearing transcripts, that recusal was unnecessary since it had no bias or ill will toward any counsel and could be impartial and fair. (***See*** N.T., 5/16/22, at 3-5).

---

sufficient grounds for the Court to deny the motion." Monroe Co.R.C.P. 208.2(d)(1), (3).

[9] The trial court had granted the Commonwealth's motion to sever the petition hearing from the contempt hearing and scheduled the contempt hearing for May 20, 2022. Although the hearing was held after the appeal was taken and, therefore, is not part of this appeal, we note for the sake of completeness that at the contempt hearing, the direct contempt for repeatedly interrupting the court to build a record was dismissed after counsel's statement that he understood the court's position, the indirect contempt was dismissed after the court learned that the Commonwealth had returned the money as ordered, and the court again apologized for its previous behavior. (***See*** N.T., 5/20/22, at 5-10).

- 14 -

The Commonwealth advised it was going to appeal the denial of the recusal motion pursuant to Pennsylvania Rule of Appellate Procedure 311(d), thus divesting the court of jurisdiction. (*Id.* at 5). Thereafter, Smokin' Joe's counsel accused the Commonwealth of acting in bad faith based on his own anecdotal story, and L&M Music's attorney argued that as this was a civil matter, Rule 311(d) was inapplicable. (*See id.* at 6-7). The court observed that:

> [M]y issue from the get go, [has been that] this was filed to a civil docket, under the rules of criminal procedure, which then [created] this quagmire [with] no playbook[.] … So technically, this is now a return of property … with an underlying criminal action, to which the rules of criminal procedure now apply.

(*Id.* at 9). L&M counsel responded, "Well, there's no doubt about that[.]" (*Id.*). However, after discussion with all counsel about the language of Rule 311(d), the court found that it was inapplicable to this matter because, although the criminal rules guided the procedure of the return of property matter, "the appellate rules for an interlocutory appeal apply only to the criminal prosecution." (*Id.* at 16). Having found that Rule 311(d) did not divest it of jurisdiction, the court then addressed the other issues before it, taking them under advisement.

The same day, the Commonwealth filed a notice of appeal pursuant to Rule 311(d) and **Commonwealth v. Dugger**, 486 A.2d 382 (Pa. 1985),[10] and a *Praecipe* for Entry of an Adverse Order Pursuant to Pa.R.A.P. 301,[11] "since this issue will either terminate or substantially handicap the prosecution of the [Petitioners]." (*Praecipe* for Entry of Adverse Order, 5/16/22).[12]

The Commonwealth filed an application to stay the trial court proceedings in this Court, which we granted on May 20, 2022. The only proceedings mentioned in the application for stay was the return of property

---

[10] The **Dugger** Court held that a Commonwealth's appeal of a pretrial order is properly treated as an appeal from a final order if "the Commonwealth certifies in good faith that the [] order terminates or substantially handicaps its prosecution," which was superseded by Pa.R.A.P. 311(d) in 1992. **See Commonwealth v. Dixon**, 907 A.2d 468, 471 n.8 (Pa. 2006).

[11] Pa.R.A.P. 301(e) Emergency appeals, provides:

> Where the exigency of the case is such as to impel an immediate appeal and the party intending to appeal an adverse action is unable to secure the formal entry of an appealable order pursuant to the usual procedures, the party may file in the trial court and serve a *praecipe* for entry of an adverse order, which action shall constitute entry of an appealable order for the purposes of these rules. The interlocutory or final nature of the action shall not be affected by this paragraph.

[12] The only matter before us is the denial of the motion to recuse. At page 2 of its brief, the Commonwealth sets for the order in question from which the appeal is taken as follows:

> Appeal was perfected by means of a Praecipe for Adverse Order, Pursuant to Pa. R.A.P. 301, with the submitted Order to be appealed as follows: AND NOW, this 16th of May, 2022, the Commonwealth's Motion for Recusal is DENIED. By the Court: Jennifer Harlacher Sibum, Judge.

- 16 -

proceeding. Petitioners filed a motion to quash that we denied without prejudice to the Petitioners' right to raise the issue with the merits panel.[13] On July 28, 2022, the Commonwealth filed a Motion to Modify the Record to include the trial court reporter's audio recording of the April 27, 2022 proceedings that this Court denied without prejudice to the Commonwealth raising the issue with the assigned merits panel. On October 20, 2022, the Commonwealth filed the motion for the panel's consideration and it was denied on October 24, 2022.

Because the return of the money seized is no longer at issue, the issue before us is whether the trial judge is required to recuse herself from the remaining matter involved - the return of the four devices seized that the Commonwealth claims are illegal gambling devices.

**II.**

As a preliminary matter, we must address whether we have jurisdiction to consider this interlocutory appeal. Generally, we can only address the merits of an appeal taken from "(a) a final order or an order certified as a final order; (2) an interlocutory order [appealable] as of right; (3) an interlocutory order [appealable] by permission; or (4) a collateral order." ***Commerce Bank v. Kessler***, 46 A.3d 724, 728 (Pa. Super. 2012), (quoting ***Stahl v.***

---

[13] Petitioners also filed a motion for clarification or reconsideration of our May 20, 2022 order and an emergency application to lift the stay. We denied both requests *per curiam*.

*Redcay*, 897 A.2d 478, 485 (Pa. Super. 2006)) (citations omitted); *see also* Pa.R.A.P. 341(b). "As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *Am. Indep. Ins. Co. v. E.S.*, 809 A.2d 388, 391 (Pa. Super. 2002); *see also* Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a government unit or trial court.").

The Commonwealth argues that it can appeal the denial of its Motion to Recuse under Pa.R.A.P. 311(d) as of right because Petitioners' motion for return of property is properly governed by the Rules of Criminal Procedure where Petitioners improperly filed the petition, which involves evidence seized as part of the criminal investigation at a civil docket number. The Commonwealth claims that if the gambling devices are returned, it will substantially handicap the prosecution of this matter, thus giving us jurisdiction to hear this appeal pursuant to Rule 311(d). (*See* Commonwealth's Brief, at 22-23).[14]

Conversely, Petitioners claim that Rule 311(d) is inapplicable and we lack jurisdiction because this is an interlocutory appeal of a civil matter. (*See* Petitioners' Brief, at 14).

_____

[14] Although the Commonwealth mentions that it filed a *Praecipe* for Adverse Order pursuant to Rule 301, it does not address the impact of such filing. (*See* Commonwealth's Brief, at 22). Moreover, we would not find this dispositive where the Rule expressly states that the filing of a *praecipe* does not affect the interlocutory or final nature of an order. *See* Pa.R.A.P. 301(e).

Pa.R.A.P. 311(d) - Interlocutory appeals as of right, provides, in pertinent part:

> (d) **Commonwealth appeals in criminal cases.**—In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal **that the order will terminate or substantially handicap the prosecution**.

Pa.R.A.P. 311(d) (emphasis added).

Regarding this Rule, in **Commonwealth v. White**, 910 A.2d 648 (Pa. 2006), the Pennsylvania Supreme Court observed that:

> [although] we limit the application of Rule 311(d) to those circumstances provided by law in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence, [this] should not be read as undoing Rule 311(d), which simply provides the Commonwealth may appeal an order, not just certain types of orders, which terminates or substantially handicaps the prosecution. This is the plain language of the Rule[.] … Accordingly, when an order terminates or has the practical effect of terminating some or all of the Commonwealth's case, or substantially handicaps the Commonwealth's case, and the Commonwealth has certified the same in good faith, the Commonwealth is entitled to an interlocutory appeal as of right under Rule 311(d).
>
> Here, the Commonwealth has certified in good faith that denial of its recusal motion will substantially handicap its prosecution of this case. Indeed, if the judge is unable to preside and serve as fact-finder impartially, and an unfair verdict is rendered, the Commonwealth, unlike a criminal defendant in a similar circumstance, has no appellate recourse. Thus, if there is a good faith certificate that a pretrial ruling substantially hampers the case of the party whose one job is to seek justice, and the only possible time to appeal is before jeopardy attaches at trial, the appeal should be allowed. Accordingly, we proceed to review the merits of the recusal issue under Rule 311(d).

**White**, 910 A.2d at 654-55 (citations and quotation marks omitted).

- 19 -

If this appeal involved a criminal matter where double jeopardy would attach, like in **White**, we would find this reasoning persuasive.

However, while return of property motions are filed pursuant to Pa. R.Crim.P. 588, a return of property motion is not criminal in nature. In **Irland**, our Supreme Court held that this proceeding is civil in nature, stating:

> [I]t is notable that Rule 588 permits a motion for return of property to be decided at the same time as a motion for the suppression of evidence, *i.e.*, before trial. **See** Pa.R.Crim.P. 588(C). Thus, a forfeiture pursuant to Rule 588 may occur prior to conviction and in the absence of a criminal conviction. Accordingly, such forfeitures, although founded in a rule of criminal procedure, must be denominated civil in nature, since a criminal forfeiture is a criminal sanction resulting from the conviction.

**Irland**, 193 A.3d at 379.[15]

_____

[15] If this matter is considered civil for purposes of appeal, under Pa.R.A.P. 1736, the Commonwealth would receive an automatic *supersedeas* from any order directing the return of property.

> (a) **General rule**.—No security shall be required of:
>
> > (1) The Commonwealth or any officer thereof, acting in his official capacity.
> >
> > (2) Any political subdivision or any officer thereof, acting in his official capacity, except in any case in which a common pleas court has affirmed an arbitration award in a grievance or similar personnel matter.
> >
> > (3) A party acting in a representative capacity.
> >
> > (4) A taxpayer appealing from a judgment entered in favor of the Commonwealth upon an account duly settled when security has already been given as required by law.

*(Footnote Continued Next Page)*

Consequently, where the underlying matter is a civil matter or a criminal matter not subject to double jeopardy, we have routinely held a pre-trial motion seeking to recuse a judge from further proceedings is not a final order. *See In re Bridgeport Fire Litig.*, 51 A.3d 224, 229 (Pa. Super. 2012) ("an order on a motion for recusal is an interlocutory order for purposes of an appeal"); *see also Rohm and Haas Co. v. Lin*, 992 A.2d 132, 149 (Pa. Super. 2010); *Krieg v. Krieg*, 743 A.2d 509, 511 (Pa. Super. 1999); *Hahalyak v. Integra Fin. Corp.*, 678 A.2d 819 (Pa. Super. 1996); *Kenis v. Perini Corp.*, 682 A.2d 845 (Pa. Super. 1996). Additionally, we have stated that an appeal from the denial of a pre-trial motion to recuse does not fall within any of the categories listed in Rules 311 (Interlocutory Appeals as of Right) or 313 (Collateral Orders) of the Pennsylvania Rules of Appellate Procedure. *See Krieg*, 743 A.2d at 511.

---

(5) An appellant who has already filed security in a lower court, conditioned as prescribed by these rules for the final outcome of the appeal.

(b) **Supersedeas automatic**.—Unless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party, which supersedeas shall continue through any proceedings in the United States Supreme Court.

Pa.R.A.P. 1736 (emphasis added).

In this case, the Commonwealth is seeking to recuse the trial judge from considering whether to return the four gambling devices. If the trial judge orders that the devices be returned, double jeopardy principles would not be implicated and that decision could be appealed, including the trial judge's denial of the recusal motion.

Accordingly, the appeal from the denial of the recusal motion is from an interlocutory order and is quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2023