IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,                          :
                Appellant                  :
                                              :
        v.                             :    No. 979 C.D. 2024
                                              :
Department of Human Services                  :    Submitted: May 6, 2025
for the Commonwealth of                       :
Pennsylvania                                  :


***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                        FILED: June 20, 2025

        Gilbert M. Martinez (Martinez), proceeding *pro se*, appeals from the July 5, 2024, July 17, 2024, and July 24, 2024 orders of the Court of Common Pleas of Berks County (trial court), which (1) denied his motion to recuse; (2) denied his motion to modify the trial court's scheduling order; and (3) stayed proceedings after Martinez filed his Notice of Appeal in this Court. Because the orders from which Martinez purports to appeal are not final orders and do not fall within any of the categories of interlocutory or collateral orders that may be immediately appealed, we quash the appeal for lack of appellate jurisdiction and remand to the trial court.

## I.    Background

        On June 18, 2024, Martinez commenced this action, *pro se*, against the Pennsylvania Department of Human Services (DHS), alleging that DHS fraudulently, deliberately and with malice denied him interim cash assistance payments in order to exacerbate his economic hardship. On June 25, 2024, Martinez filed a motion to recuse trial court judge, James E. Gavin (Judge Gavin), on the basis that Judge Gavin is a defendant in a lawsuit brought by Martinez at trial court docket

No. 24-11223, and, therefore, Judge Gavin has a personal bias in favor of having DHS win the case. On **July 5, 2024**, Judge Gavin denied his motion for recusal.

On July 16, 2024, Martinez filed a motion requesting the entry of an *ex parte* preliminary injunction directing DHS to provide him with cash assistance until the Social Security Administration makes a decision on his application for supplemental security income (SSI) benefits. The next day, on **July 17, 2024**, the trial court directed DHS to respond to Martinez's request for a preliminary injunction by August 5, 2024, and scheduled an evidentiary hearing for August 27, 2024.

On July 23, 2024, Martinez filed a motion asking the trial court to modify its scheduling order, declare that DHS had failed to contest his request for injunctive relief in a timely manner, and direct that an immediate award of cash assistance was required. The trial court denied the motion to modify the scheduling order on **July 24, 2024**.

Five days later, on July 29, 2024, Martinez filed a notice of appeal, purporting to appeal the July 5, 2024 order denying his recusal motion, the July 17, 2024 scheduling order relating to his request for a preliminary injunction, and the July 24, 2024 order denying his motion to modify the scheduling order.

On July 31, 2024, DHS filed preliminary objections to the complaint, asserting that the trial court lacked jurisdiction to entertain Martinez's challenge to an administrative decision denying his request for benefits, since jurisdiction to consider such a challenge lies in this Court.

In an order entered on August 1, 2024, due to the pendency of this appeal, the trial court stayed proceedings and postponed the scheduled hearing on the request for a preliminary injunction. Despite having filed a notice of appeal, Martinez continued to file documents in the trial court. For example, on August 14,

2024, Martinez filed a motion asking the trial court to "void" its orders staying the proceedings and holding the relevant matters in abeyance. The trial court decided to hold that motion in abeyance while this Court considered Martinez's appeal.

Martinez then sought similar relief in this Court, arguing that the trial court's stay order was a violation of his "due process" rights and asking this Court for an order directing the trial court to "decide the merits of the case without delay." DHS responded to Martinez's application for relief, asking this Court to deny the application and dismiss this appeal for lack of appellate jurisdiction. In an order dated September 4, 2024, this Court denied Martinez's application for relief but declined to quash the appeal. The parties were specifically "directed to address the appealability of the trial court's orders in their principal briefs on the merits, or in an appropriate motion." (Order, 9/4/24, at 1.)

Two days later, Martinez filed another application for relief asking this Court to vacate its September 4, 2024 order. On September 27, 2024, this Court denied that application.

In an opinion filed pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a), the trial court asked this Court to quash this appeal because the orders that Martinez purported to appeal were not immediately appealable.

## II. Issues

On appeal, Martinez raises the following three issues:

(1) Whether the trial judge in an abuse of the courts (sic) discretion deprived [Martinez] of injunction (sic) relief by scheduling an evidentiary hearing for a (sic) uncontested motion? (2) Whether the trial judge in an abuse of the courts (sic) discretion stayed the trial courts (sic) proceedings in order to deprive [Martinez] of injunctive

3

relief? (3) Whether the trial judge in an abuse of the courts (sic) discretion refused to recuse himself from the case where the facts averred at the hearing against him constituted an actionable fraud?

(Martinez's Br. at 7.)

### III.    Analysis

Before we address the above issues, we must first determine the appealability of the July 5, 2024, July 17, 2024, and July 24, 2024 orders because questions concerning the appealability of an order implicate the jurisdiction of this Court.

Generally, a litigant may appeal only from a final order. Pa.R.A.P. 341(a).  By definition, a final order "is an order that disposes of all claims and all parties."  Pa.R.A.P. 341(b).  However, Pa. R.A.P. 313(a) permits a litigant to file an appeal as of right from a collateral order of a trial court.  Pa.R.A.P. 313(b) defines a "collateral order" as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."  Thus, an order is immediately appealable as a collateral order if: (1) the order is separable from, and collateral to, the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that, if review were postponed until final judgment in the case, the claim would be irreparably lost.  *H.R. v. Department of Public Welfare*, 676 A.2d 755, 759 (Pa. Cmwlth. 1996). These requirements must be construed narrowly, and all three prongs must be satisfied before this Court may conduct appellate review of a collateral order.  *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1126 (Pa. 2009).

4

With regard to the first prong of the collateral order test, "if the resolution of an issue concerning a challenged [decision] can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable" from the main cause of action. *MarkWest Liberty Midstream & Resources, LLC v. Clean Air Council*, 71 A.3d 337, 342 (Pa. Cmwlth. 2013) (*en banc*). With regard to the second prong, a decision involves a right too important to be denied review only if it is "deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999). "[I]t is not sufficient that the issue be important to the particular parties." *Id.* The claims must be analyzed "in the context of the broad public policy interests that they implicate" and not "with respect to the specific facts of the case." *Id.* With regard to the third prong, we consider whether that review of this question will be irreparably lost if the litigation proceeds to final judgment. *Id.*

We agree with the trial court and DHS that none of the orders from which Martinez purports to appeal are appealable. With regard to the **July 5, 2024** order denying Martinez's motion to recuse, the denial of recusal is a non-appealable, interlocutory order. Our courts have already resolved that issue in a number of cases. *See In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa. Super. 2012) ("an order on a motion for recusal is an interlocutory order for purposes of an appeal"); *Rohm and Haas Co. v. Lin*, 992 A.2d 132, 149 (Pa. Super. 2010); *Krieg v. Krieg*, 743 A.2d 509, 511 (Pa. Super. 1999); *Hahalyak v. Integra Financial Corp.*, 678 A.2d 819 (Pa. Super. 1996); *Kenis v. Perini Corp.*, 682 A.2d 845 (Pa. Super. 1996).[1] Additionally,

---

[1] While Superior Court decisions are not binding on this Court, they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

Pennsylvania courts have stated that an appeal from the denial of a pre-trial motion to recuse does not fall within any of the categories listed in Rules 311 (Interlocutory Appeals as of Right) or 313 (Collateral Orders) of the Pennsylvania Rules of Appellate Procedure. *Krieg*, 743 A.2d at 511. Moreover, while we find that the issue of recusal may be separated from the main case, Martinez has not established either of the other two prongs. The issue of whether Judge Gavin should recuse himself because Martinez named Judge Gavin in another lawsuit, is not "deeply rooted in any public policy," and review of the issue will not be irreparably lost because Martinez can appeal the recusal in a later appeal.

The **July 17, 2024 Order** directing DHS to respond to Martinez's request for a preliminary injunction by August 5, 2024, and scheduling an evidentiary hearing for August 27, 2024, and the **July 24, 2024** Order denying Martinez's motion to modify the scheduling order are also not final orders. Instead, they merely directed the DHS to file an answer and scheduled an evidentiary hearing on the motion and declined Martinez's motion to modify that order. As such they are routine case management-type orders, describing the manner in which the trial court planned to consider his motion for a preliminary injunction and DHS's preliminary objections. They are not final orders, nor do they remotely qualify as collateral orders under Pa.R.A.P. 313. In fact, at this point, the trial court has not yet entered any order that falls within this Court's appellate jurisdiction. Accordingly, we quash this appeal and remand to the trial court.

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Gilbert M. Martinez,<br>            Appellant | :<br>: |
| | : |
|       v. | :   No. 979 C.D. 2024 |
| | : |
| Department of Human Services<br>for the Commonwealth of<br>Pennsylvania | :<br>:<br>: |

***PER CURIAM***

***ORDER***


        AND NOW, this 20th day of June, 2025, the appeal filed by Gilbert M. Martinez is hereby quashed.